**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 14 - 2647 JJO

**UNITED STATES OF AMERICA**

**v.**

**ROLANDO GARCIA and**
**LIER PRIETO,**

                    **Defendants.**
_____/

## CRIMINAL COVER SHEET

1.      Did this matter originate from a matter pending in the Northern Region of the United States
        Attorney's Office prior to October 14, 2003?    ___ Yes   _X_ No

2.      Did this matter originate from a matter pending in the Central Region of the United States
        Attorney's Office prior to September 1, 2007?    ___ Yes   _X_ No


                         Respectfully submitted,

                         WIFREDO A. FERRER
                         UNITED STATES ATTORNEY

            BY:      _Robert J. Brady Jr._____
                         ROBERT J. BRADY, JR.
                         Assistant United States Attorney
                         District Court No. A5501703
                         99 N. E. 4th Street
                         Miami, Florida   33132-2111
                         TEL (305) 961-9188
                         FAX (305) 536-4699

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>ROLANDO GARCIA and<br>LIER PRIETO,<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>) |

Case No. 14-2647 JJO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ May 22, 2014 _____ in the county of _____ Miami-Dade _____ in the
_____ Southern _____ District of _____ Florida _____, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, U.S.C., Sec. 846<br>Title 21, U.S.C., Sec. 841(a)(1) | Conspiracy to possess with intent to distribute fifty (50) grams or more of methamphetamine, a Schedule II controlled substance, its salts, isomers, and salts of its isomers.<br><br>Posession with intent to distribute fifty (50) grams or more of methamphetamine, a Schedule II controlled substance, its salts, isomers, and salts of its isomers. |

This criminal complaint is based on these facts:

See attached affidavit of DEA Special Agent Crystal J. Connors

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Crystal J. Connors, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/23/14

_____
*Judge's signature*

City and state: _____ Miami, Florida _____

John J. O'Sullivan, U.S. Magistrate Judge
*Printed name and title*

14-2647 JJO

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Crystal Connors, being duly sworn, hereby depose and state as follows:

1.      I am a Special Agent of the Drug Enforcement Administration (hereinafter referred to as the "DEA") assigned to the Miami Field Division in Miami, Florida.  As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1).  I have been a Special Agent with DEA since November 2012, and I have been assigned to the Miami Field Division since January 2013.  I have specialized in investigations involving narcotics trafficking and money laundering.  I have received training on the subjects of narcotics trafficking and money laundering from the DEA and have been personally involved in investigations concerning the possession and distribution of controlled substances, as well as methods used to finance drug transactions and launder drug proceeds.

2.      I submit this affidavit based on information known to me personally from the investigation, as well as information obtained from others who were directly involved in the matter or have personal knowledge of the facts herein.  The affidavit does not include all the information known to me, but only information sufficient to establish probable cause for the arrest of Rolando Garcia and Lier Prieto for violations of Title 21, United States Code, Section 846, relating to Possession with the Intent to Distribute a Controlled Substance, that is, Methamphetamine.

3.      On May 21, 2014, your affiant debriefed a cooperating source (CS) who advised that he had been purchasing 2-3 ounces of methamphetamine from a male known to the CS only as

"Pooch," later identified as Rolando Garcia. The CS had pre-arranged to meet with Garcia to purchase more methamphetamine the following day.

4.    On May 22, 2014, the CS communicated via text message with Garcia in order to confirm the meeting.  The CS identified Garcia's residence as 543 Meridian Avenue, Apt. #8, Miami Beach, Florida. The CS was provided with $2,400 of Official Investigative Funds for the purchase of two ounces of methamphetamine. The CS was searched and found to be free of any contraband and/or additional money.

5.    At approximately 2:40 p.m., law enforcement established surveillance on Garcia's residence. A short time later, agents drove the CS to Garcia's residence. The CS exited the undercover vehicle and walked directly to Garcia's apartment.  The CS made no stops along the way and did not come into contact with any other persons. At approximately 3:30 p.m., the CS exited the residence and walked to the predetermined meeting location. The CS was kept under continuous surveillance and once again did not make any stops and did not come into contact with any persons. Your affiant recovered the methamphetamine that the CS purchased from Garcia, which subsequently field tested positive for the properties of methamphetamine. The CS was searched again and found to be free of any contraband and/or additional money.

6.    At approximately 3:35 p.m., a white male, later identified as Franklin Alley, arrived at the above location. Garcia came outside and greeted Alley at which time both entered Garcia's residence. At approximately 3:45 p.m., Alley exited the residence, got into his vehicle and departed the area. Agents followed Alley until he was out of the area, at which time they conducted a traffic stop; a subsequent search of the vehicle revealed Alley was in possession of a small amount of methamphetamine.

7.    At approximately 4:05 p.m., agents knocked on the door of Garcia's residence. At this time, Garcia answered the door and was detained. Garcia's residence was secured while Detectives with the Miami Dade Police Department applied for search warrant which was later granted. A search of the residence revealed approximately 8 ounces of methamphetamine along with a small amount of marijuana and GHB. Garcia was also found to be in possession of the $2,400 of Official Investigative Funds in addition to $6,028.

8.    Garcia expressed his desire to assist law enforcement in the furtherance of the investigation.   Garcia advised that an individual known to him only as "Cosa Fuerte," later identified as Lier Prieto, would give Garcia anywhere between 8 and 16 ounces of methamphetamine on credit every few days.   Garcia contacted Prieto at the direction of law enforcement and arranged for Prieto to deliver methamphetamine to his residence.

9.    Garcia provided a detailed physical description of Prieto and further advised that Prieto would park in Garcia's assigned spot upon his arrival. Surveillance was established inside and outside of Garcia's residence. At approximately 10:45 p.m., Prieto called Garcia and informed him that he had just arrived. At the same time, agents observed a BMW park in Garcia's parking spot. A male (Prieto) matching the description provided by Garcia was observed exiting the vehicle carrying a white plastic bag.  Prieto walked up to Garcia's apartment and knocked on the door. Detective Passman, who was clearly identifiable as a law enforcement officer, opened the door for Prieto. Upon seeing Detective Passman, Prieto threw the plastic bag off the balcony and attempted to flee. A struggle ensued, wherein Prieto actively resisted Detectives/Agents efforts to place him under arrest. After a brief struggle, Prieto was arrested. The plastic bag was recovered by agents and found to contain approximately 1 pound of methamphetamine, which field test positive for the same.

10.     Agents conducted a registration check of Prieto's vehicle, which revealed the vehicle was stolen. A search of the vehicle revealed a loaded 9 mm handgun in the glove compartment. A receipt for the gun was found in Prieto's wallet which was on his person. When questioned, Prieto denied knowledge of the white bag and possessing any methamphetamine.  Prieto then invoked his rights.

11.   Based on the above information and facts, your affiant submits there is probable cause to believe that Rolando Garcia and Lier Prieto, in the Southern District of Florida, did knowingly agree to possess with the intent to distribute fifty grams or more of methamphetamine, a Schedule II controlled substance, its salts, isomers, and salts of its isomers, and did possess with intent to distribute the same, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

**FURTHER YOUR AFFIANT SAYETH NAUGHT**

CRYSTAL J. CONNORS, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to me

before this 23rd day of May, 2014

HON. JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA